IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION


| | | |
|---|---|---|
| EDDIE ROY TAYLOR, | § | |
| TDCJ-CID #1096895, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-1758 |
| | § | |
| DOUG DRETKE, | § | |
| | § | |
| Respondent. | § | |


**MEMORANDUM OPINION AND ORDER**


Pending before this court is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, filed by Eddie Roy Taylor, an inmate of the Texas Department of Criminal Justice - Criminal Institutions Division (TDCJ-CID).  After reviewing the pleadings and available state court records, the court will dismiss Taylor's habeas petition because he has failed to exhaust state court remedies as required by § 2254.

## I.   Procedural History and Claims

Taylor was charged with aggravated robbery in Montgomery County, Texas.  He pleaded not guilty and was tried by a jury.  The jury found Taylor guilty, and he was given a 75-year prison sentence.  State v. Taylor, No. 01-11-06487 (284th Dist. Ct.,

Montgomery County, Tex., Dec. 12, 2001).  Taylor filed an appeal,
and the Court of Appeals for the Tenth District of Texas affirmed
the conviction.  Taylor v. State, No. 10-02-00112-CR (Tex. App. --
Waco Nov. 22, 2002, pet. ref'd).  Taylor then filed a petition for
discretionary review (PDR), which was refused by the Texas Court of
Criminal Appeals on October 22, 2003.  Taylor v. State, No. PD-
0011-03.  A motion for rehearing was filed on November 10, 2003,
and the Court of Criminal Appeals refused it on December 10, 2003.[1]
No further action was taken on direct appeal.

On January 11, 2005, Taylor filed a state application for a
writ of habeas corpus with the Montgomery County District Clerk.
See Docket Entry No. 4, Letter from Taylor.  The application is now
pending in the state courts.  Id.

Taylor raises the following claims in his federal petition:

1.    Taylor was denied due process and impartial jury
      because one of the jurors told the other jurors
      that she knew the defendants and made prejudicial
      statements during deliberations.

2.    Taylor's trial counsel was ineffective by failing
      to bring the juror's misconduct to the trial
      court's attention.

3.    The judge who heard the motion for new trial was
      not the trial judge and failed to adequately
      consider the evidence of juror misconduct.

4.    There was no evidence to support the finding that
      Taylor used a deadly weapon during the commission
      of the offense.

---

[1]Taylor did not assert that a motion for rehearing was filed.
This court made the determination after taking judicial notice of
the Texas Judiciary website (http://www.cca.courts.state.tx.us/).

> 5.   Taylor's trial counsel was ineffective because he failed to move for a severance from the trial of Taylor's co-defendant.

## II.   Exhaustion of State Remedies

Under 28 U.S.C. § 2254, a habeas petitioner must exhaust available state remedies before seeking relief in the federal courts.  See Nobles v. Johnson, 127 F.3d 409, 419-420 (5th Cir. 1997).  To exhaust his state remedies the petitioner must fairly present the substance of his claims to the state courts, and the claims must have been fairly presented to the highest court of the state.  Id. citing Picard v. Connor, 92 S.Ct. 509, 512-13 (1971); Myers v. Collins, 919 F.2d 1074, 1076 (5th Cir. 1990).

In Texas, a petitioner satisfies this requirement by filing a petition for discretionary review (PDR) in the Texas Court of Criminal Appeals or, in post-conviction matters, by filing a state application for a writ of habeas corpus in state district court, which forwards the application to the Court of Criminal Appeals. See TEX. CODE CRIM. PROC. ANN. art. 11.07; Richardson v. Procunier, 762 F.2d 429, 431-32 (5th Cir. 1985).

Taylor's PDR has been refused.  However, he states that he still has a pending application for a writ of habeas corpus in the state courts.  Taylor cannot seek simultaneous relief in both state and federal courts.  See Emery v. Johnson, 139 F.3d 191, 194 (5th Cir. 1997).  If a federal habeas petition is filed while state remedies are still being pursued, the federal court has the

-3-

authority to dismiss the federal petition.  <u>Brewer v. Johnson</u>, 139 F.3d 491, 493 (5th Cir. 1998).

In his letter to the court (Docket Entry No. 4), Taylor requests that the pending federal habeas action be held in abeyance until his state habeas proceeding has been concluded.  Dismissal rather than a stay in the proceedings is proper where there are unresolved claims before the state courts.  See <u>Nottlemann v. Welding</u>, 861 F.2d 1087 (8th Cir. 1988).  See <u>also</u>, <u>Graham v. Johnson</u>, 168 F.3d 762, 775-779 (5th Cir. 1999).

Accordingly, it is **ORDERED** that this cause of action be dismissed without prejudice for failure of the petitioner to exhaust all available remedies on all his claims to the state's highest court of criminal jurisdiction as required by the provisions of 28 U.S.C. § 2254.

<u>Taylor is admonished that federal habeas petitions are subject to a one-year statute of limitations pursuant to the provisions of 28 U.S.C. § 2244(d).  Taylor should familiarize himself with and fully comply with these time limitations by promptly filing requests for information about his state court application with the convicting court.  If no relief is granted in the state courts, Taylor must file another federal habeas petition within thirty days following a ruling on his state habeas application by the Court of Criminal Appeals.</u>

### III.  <u>Certificate of Appealability</u>

A certificate of appealability will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 120 S.Ct. 1595, 1603-04 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id.; Beasley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001).  On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling."  Beasley, at 263, quoting Slack, 120 S.Ct. at 1604; see also Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir. 2000).  A

district court may deny a certificate of appealability, <u>sua</u> <u>sponte</u>, without requiring further briefing or argument.   <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000).   The court has determined that Taylor has not made a substantial showing that reasonable jurists would find the court's procedural ruling to be debatable; therefore, a certificate of appealability from this decision will not be issued.

### IV.   Conclusion and Orders

Accordingly, the court **ORDERS** the following:

1.   This cause of action is **DISMISSED without prejudice** for failure to exhaust state court remedies.

2.   A certificate of appealability is **DENIED**.

3.   The Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

4.   The Clerk will provide a copy of this Memorandum Opinion and Order dismissing this action to the petitioner, and will provide a copy of the petition and this Memorandum to the respondent and the attorney general by providing one copy to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this 30th day of June, 2005.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE